Patrick **MIELE**, Plaintiff—Appellant,

v.

Ron **PERLSTEIN**;  et al., Defendants—Appellees,

and

Peter Davy;  et al., Defendants.

No. 05–56582.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2007.

Filed June 26, 2007.

Jeffrey S. Schwartz, Esq., Law Office of Jeffrey S. Schwartz, Jericho, NY, for Plaintiff–Appellant.

Wayne M. Abb, Esq., North Hollywood, CA, for Defendants–Appellees.

Before: THOMAS, WARDLAW, and GOULD, Circuit Judges.

## MEMORANDUM *

Patrick Miele appeals the district court's dismissal of his diversity action against Ron Perlstein and Danco, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court dismissed—without oral explanation or written memorandum—Miele's claims for breach of fiduciary duty, interference with prospective economic advantage, and violation of usury. We reverse and remand to the district court for further proceedings. It is unfortunate that the district court did not provide us with the benefit of its reasoning, which might well have proven illuminating, so we are guided only by the lenient standards of notice pleading to decide whether Miele's complaint sufficiently alleged cognizable legal theories.

■ Miele has alleged sufficient facts in his Second Amended Complaint ("the complaint") to withstand a motion to dismiss his claim against Perlstein for breach of fiduciary duty. At this stage of the proceedings, we are required to "accept as true all well-pleaded allegations of fact" and "construe[ ] them in the light most favorable to the plaintiff[ ]." *See Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). In essence, Miele alleges that Perlstein, a member of the limited liability company, Rhapsody L.L.C., sold all rights to the film Rhapsody at a price far below market value such that only he

* This disposition is not appropriate for publication and is not precedent except as provided

would recoup his investment—all without the consent of the majority of Rhapsody L.L.C. Assuming this to be true, which we must at this stage, Miele has sufficiently alleged a violation of fiduciary duty under California law to withstand a motion to dismiss for failure to state a claim. *See* Cal. Corp.Code §§ 17153 & 17001(w) (imposing a fiduciary duty of loyalty on members of a majority controlled limited liability company); Cal. Corp.Code. § 16404(b)(1)–(3) (statutorily imposed duty of loyalty); Cal. Corp.Code. § 16404(c) (statutorily imposed duty of care).

■ Miele has also alleged sufficient facts to withstand a motion to dismiss his claim against Perlstein and Danco, Inc. for interference with prospective economic advantage. The complaint alleges that Perlstein and Danco, Inc. interfered with Miele's agreement to sell the soundtrack rights of Rhapsody to Alpine Records, L.L.C., that they knew of Miele's relationship with Alpine Records, L.L.C., that they intentionally acted to disrupt—and did disrupt—that relationship, and that Miele suffered economic harm as a result of their actions. These allegations satisfy the elements for a claim for interference of prospective economic advantage. *See SC Manufactured Homes, Inc. v. Canyon View Estates, Inc.,* 148 Cal.App.4th 663, 56 Cal.Rptr.3d 79, 86 n. 7 (2007).

■ Miele's claim that Perlstein violated California law against usury should have survived a motion to dismiss. Miele alleges that Perlstein loaned two sums to Rhapsody L.L.C. at a usurious fifty and one-hundred percent rate of return per annum. Such a loan would be considered usurious. *See* Ca. Const. art. XV, § 1; Cal. Civ.Code § 1916–1. If the complaint alleges suffi-

by 9th Cir. R. 36–3.

cient facts, it must survive a 12(b)(6) motion to dismiss even if it appears that "recovery is very remote and unlikely." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

We express no view on the ultimate merits of any of these claims.

**REVERSED and REMANDED.**